UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-mj-3906-MCALILEY

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**DOMINIC ISRAEL POPE,**

    **Defendant.**

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on January 15, 2021, a hearing was held to determine whether defendant **DOMINIC ISRAEL POPE** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **DOMINIC ISRAEL POPE** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendant is charged by criminal complaint, in the Southern District of Florida, with conspiracy to commit carjacking in violation of Title 18, United States Code, Section 371, carjacking in violation of Title 18, United States Code, Sections

2119(1) and (2) and brandishing a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). Therefore, the defendant is charged with a crime of violence, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant at all future court proceedings and the safety of any other person and the community. Title 18, United States Code, Section 3142(e) and (f).

2. The weight of the evidence against the defendant is substantial. The government has proffered that on June 6, 2020, the defendant participated in two carjackings. In the first carjacking, the defendant pointed a rifle at the victim. It was later determined that the rifle was not real. Later the same morning, the defendant participated in a second carjacking where he took the victim's firearm and struck the victim in the head. On June 8, 2020, the defendant participated in a third carjacking where he pointed a firearm and struck the victim in the head. In a statement, a coconspirator told law enforcement officers that he had driven the defendant to these locations to carry out the carjackings and that the defendant had used a fake firearm in the first two carjackings, but had used a real firearm in the third carjacking.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on June 19, 1999 in Trinidad and is a citizen of Trinidad and Tobago. The defendant's parents and five siblings reside in Trinidad. The defendant arrived in the United States on a non-immigrant visa on November 27, 2019 and has overstayed his visa. The defendant has an immigration hold. Title 18, United States Code, Section 3142(g)(3)(A).

4. The undersigned believes that the defendant would not appear if released on bond. The defendant is a citizen of Trinidad and Tobago, has strong family ties to that country and has overstayed his visa. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.

5. The undersigned believes that the defendant constitutes a danger to persons in the community. The defendant participated in three carjackings in a short period of time, the defendant pointed a firearm at victims and in two instances struck the victims in the head and would likely continue to engage in violent activities if released on bond. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **15th** day of January, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE